FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 1 2 2009

JAMES N. HATTEN, Clerk
By: [signature] Deputy Clerk

# GUILTY PLEA and PLEA AGREEMENT

United States Attorney
Northern District of Georgia

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | NO. 1:09-CR-278 |
| HARRISON INTERNATIONAL, LLC | : | |

The United States Attorney for the Northern District of Georgia, the Environmental Crimes Section, Environment and Natural Resources Section, U.S. Department of (collectively "the Government"), and Defendant HARRISON INTERNATIONAL, LLC ("Defendant") enter into this plea agreement as set forth below in Part IV pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure. Defendant, having received a copy of the above-numbered Information, hereby pleads GUILTY to Count One thereof.

## I. ADMISSION OF GUILT

Defendant admits that it is pleading guilty because it is in fact guilty of the crime charged in the Information.

## II. ACKNOWLEDGMENT & WAIVER OF RIGHTS

Defendant understands that by pleading guilty it is giving up the right to plead not guilty and the right to be tried by a jury. During the trial, Defendant would be presumed innocent and the Government would have the burden of proving it guilty beyond a reasonable doubt. Defendant would have the right to confront and cross-examine the witnesses against it. If Defendant wished, it could subpoena witnesses to testify on its behalf. If Defendant were found guilty after a trial, it

would have the right to appeal the conviction.

Defendant understands that by pleading guilty, it is giving up all of these rights and there will not be a trial of any kind.

By pleading guilty, Defendant also gives up any and all rights to pursue any affirmative defenses, constitutional claims, and other pretrial motions that have been filed or could have been filed.

Defendant also understands that it ordinarily would have the right to appeal its sentence and, under some circumstances, to attack the sentence in post-conviction proceedings. By entering the Plea Agreement, Defendant may be waiving some or all of those rights to appeal or collaterally attack its sentence, as specified below.

### III. ACKNOWLEDGMENT OF PENALTIES

Defendant understands that, based on its plea of guilty, it will be subject to the following maximum and mandatory minimum penalties:

(a)     Maximum term of probation: 5 years

(b)     Maximum fine: $200,000

(c)     Full restitution to all victims of the offenses and relevant conduct.

(f)     Mandatory special assessment: $125.00, due and payable immediately

Defendant understands that, before imposing sentence in this case, the Court will be required to consider, among other factors, the provisions of the United States Sentencing Guidelines and that, under certain circumstances, the Court has the discretion to depart from those Guidelines. Defendant understands that the Guidelines do not apply in this case to determine the fine amount, which instead is determined under 18 U.S.C. § 3553. Defendant further understands that the Court may impose

2

a sentence up to and including the statutory maximum for the Count of conviction, as set forth in this paragraph and that no one can predict its exact sentence at this time.

### IV. PLEA AGREEMENT

Defendant, its counsel, and the Government, as counsel for the United States, subject to approval by the Court, have agreed upon a negotiated plea in this case, the terms of which are as follows:

#### A. No Additional Charges

The Government agrees not to bring any further criminal charges against Defendant related to the charge to which it is pleading guilty. Defendant understands that this provision does not bar prosecution by any other federal, state, or local jurisdiction.

#### B. Factual Basis

The parties agree that if this case went to trial, the Government would prove by admissible evidence and beyond a reasonable doubt the following facts:

1.   Harrison International, LLC, is a Florida limited liability corporation incorporated on or about March 3, 2005, located at 13408 Prosper Road, Southport, Florida.

2.   Mark Leon Harrison was the owner, incorporator, registered agent, and manager of Harrison International, LLC, and a resident of Southport, Florida.

3.   Harrison and Harrison International, LLC, were engaged in the business of buying, acquiring, transporting, processing (including drying), selling and exporting, through the Northern District of Georgia and elsewhere, shark fins.

4.   Harrison held, from July 2003 until at least June 2008, a license from the State of Florida to deal in shark fins.

5.  On or about February 20, 2005, Harrison purchased shark fins directly from an individual fisherman in Florida. HARRISON's wholesale purchase price of the fins was $320.00; the fair market retail value was less than $2,000.

6.  No report of the landing or sale of those shark fins was filed with any Florida authorities as required by law.

7.  By or before September 2008, Harrison and Harrison International, LLC, sold the shark fins Harrison purchased on or about February 20, 2005, and had the fins transported through the Northern District of Georgia to the buyer.

### C. Sentencing Guidelines Recommendations

**1.  Base/Adjusted Offense Level Stipulations**

Based on the evidence currently known to the Government, the Government will recommend and the Defendant agrees to the following applications of the Sentencing Guidelines:

Count One

(a) The applicable offense guideline is Section 2Q2.1.

(b) The conduct was committed for pecuniary gain or otherwise involved a commercial purpose.

(c) The fair market retail value of the fish was less than $2,000

### D. Right to Answer Questions, Correct Misstatements, & Make Recommendations

The Government reserves the right to inform the Court and the Probation Office of all facts and circumstances regarding the Defendant and this case, and to respond to any questions from the Court and the Probation Office and to any misstatements of fact or law. Except as expressly stated elsewhere in this Plea Agreement, the Government also reserves the right to make recommendations

regarding application of the Sentencing Guidelines.

### E. Right to Modify Recommendations

With regard to the Government's recommendation as to any specific application of the Sentencing Guidelines as set forth elsewhere in the Plea Agreement, Defendant understands and agrees that, should the Government obtain or receive additional evidence concerning the facts underlying any such recommendation, the Government will bring that evidence to the attention of the Court and the Probation Office. In addition, if the additional evidence is sufficient to support a finding of a different application of the Guidelines, the Government will not be bound to make the recommendation set forth elsewhere in this Plea Agreement, and the failure to do so will not constitute a violation of this Plea Agreement.

### F. Sentencing Recommendations

**1.  Specific Sentence Recommendation**

Based upon the evidence currently known to the Government, the Government will recommend that Defendant be sentenced to one year probation.

**2.  Specific Fine Recommendation**

Based upon the evidence currently known to the Government, the Government will recommend that Defendant be sentenced to pay a fine of $5,000.

### G. Financial Cooperation Provisions

**1. Special Assessment**

Defendant agrees that, within 30 days of the guilty plea, it will pay a special assessment in the amount of $125.00 by money order or certified check made payable to the Clerk of Court, U.S. District Court, 2211 U.S. Courthouse, 75 Spring Street, S.W., Atlanta, Georgia 30303. Defendant

agrees to provide proof of such payment to the undersigned Assistant United States Attorney within 30 days of the guilty plea.

## 2. Fine - Terms of Payment

Defendant agrees that any fine imposed is appropriately deposited as follows: (1) one half of the total fine amount, pursuant to 18 U.S.C. § 1861(e), into Account No. 26L7E02 established by the National Oceanic & Atmospheric Act, Office of the General Counsel; and (2) one half of the total fine amount, pursuant to 16 U.S.C. § 3375(d), into Fund 122X, Organizational Code 99000, established through the United States Fish and Wildlife Service, Division of Financial Management/Denver Operations, Cost Accounting, P.O. Box 272065, Denver, CO 80227.

Defendant also agrees that the full fine shall be considered due and payable immediately. If Defendant cannot pay the full amount immediately and is placed under the supervision of the Probation Office at any time, it agrees that the the Probation Office will have the authority to establish payment schedules to ensure payment of the fine. Defendant understands that this payment schedule represents a minimum obligation and that, should Defendant's financial situation establish that it is able to pay more toward the fine, the Government is entitled to pursue other sources of recovery of the fine. Defendant further agrees to cooperate fully in efforts to collect the fine obligation by set-off of program payments, execution on non-exempt property, and any other means the Government deems appropriate. Finally, Defendant and its counsel agree that Government officials may contact Defendant regarding the collection of any fine without notifying and outside the presence of its counsel.

### H. Recommendations/Stipulations Non-binding

Defendant understands and agrees that the recommendations of the parties incorporated

within this Plea Agreement or otherwise discussed between the parties are not binding on the Court and that the Court's failure to accept one or more of the recommendations will not constitute grounds to withdraw its guilty plea or to claim a breach of this Plea Agreement.

### I. Limited Waiver of Appeal

LIMITED WAIVER OF APPEAL: To the maximum extent permitted by federal law, Defendant voluntarily and expressly waives the right to appeal its conviction and sentence and the right to collaterally attack its conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that Defendant may file a direct appeal of an upward departure or a variance from the otherwise applicable sentencing guideline range. Defendant understands that this Plea Agreement does not limit the Government's right to appeal, but if the Government initiates a direct appeal of the sentence imposed, Defendant may file a cross-appeal of that same sentence.

### J. Miscellaneous Waivers

**1. FOIA Waiver**

Defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 552, or the Privacy Act of 1974, Title 5, United States Code, Section 552a.

**2. DNA Waiver**

The parties agree that no biological evidence (as defined in Title 18, United States Code, Section 3600A) has been identified in this case, therefore, Defendant understands and agrees that

no evidence will be preserved for DNA testing.

### 3. Brady/Giglio Waiver

Defendant further acknowledges that it is not relying on any representations about the identity or the credibility of the Government's potential trial witnesses. Defendant waives any right to withdraw its guilty plea, or to bring a collateral attack against its conviction, if it should determine later that its assessment of the Government's case was incorrect, or it did not receive timely disclosure of any material to which it may have claimed an entitlement under Rule 16 of the Federal Rules of Criminal Procedure, Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), or any other rules or authorities dealing with pretrial disclosure of information to the defense.

### 4. Statute of Limitations Waiver

Defendant has by separate document acknowledged the waiver of all defenses to any charges which are based on the expiration of the applicable statute of limitations, and that such waiver extends through July 6, 2009.

### K. Violation of the Plea Agreement

If Defendant fails in any way to fulfill each one of its obligations under this Plea Agreement, the Government may elect to be released from its commitments under this Plea Agreement. The Government may then prosecute Defendant for any and all Federal crimes that it has committed related to this case, including any charges dismissed pursuant to this Plea Agreement, and may recommend to the Court any sentence for such crimes up to and including the maximum sentence. Defendant expressly waives any statute of limitation defense and any constitutional or statutory speedy trial defense to such a prosecution, except to the extent that such a defense exists as of the

date it signs this Plea Agreement. In addition, Defendant agrees that, in such a prosecution, all admissions and other information that it has provided at any time, including all evidence it had produced, may be used against it, regardless of any constitutional provision, statute, rule, or agreement to the contrary. Finally, Defendant understands that its violation of the terms of this Plea Agreement would not entitle it to withdraw its guilty plea in this case.

### L. No Other Agreements

There are no other agreements, promises, representations, or understandings between Defendant and the Government.

_____
ROBIN LOEB, Attorney for Defendant

_____
MARK LEON HARRISON,
Authorized Representative of
HARRISON INTERNATIONAL, LLC,
Defendant

_____
MARY C. ROEMER, Assistant U.S. Attorney

_____
ELINOR COLBOURN, Senior Trial Attorney
Environmental Crimes Section

_____
MARY JANE STEWART
Chief, Intake Section

6-12-2009
DATE

I am a duly authorized representative of Harrison International LLC with full legal authority to enter into this Plea Agreement on behalf of the corporate entity Harrison International LLC. I have read the CRIMINAL INFORMATION against Harrison International, LLC and have discussed it with Harrison International's attorney. I understand the charges and the elements of each charge that the Government would have to prove to convict Harrison International LLC at a trial. I have read the foregoing Plea Agreement and have carefully reviewed every part of it with the corporation's attorney. I understand the terms and conditions contained in the Plea Agreement, and I voluntarily agree to them on behalf of Harrison International LLC. I also have discussed with my attorney the rights Harrison International LLC may have to appeal or challenge its sentence, and I understand that the appeal waiver contained in the Plea Agreement will prevent it, with the narrow exceptions stated, from appealing its sentence or challenging its sentence in any post-conviction proceeding. No one has threatened or forced Harrison International LLC to plead guilty, and no promises of inducements have been made to it other than those discussed in the Plea Agreement. The discussions between Harrison International LLC's attorney and the Government toward reaching a negotiated plea in this case took place with its permission. I am fully satisfied with the representation provided to Harrison International LLC by its attorney in this case.

_____    6/12/09
MARK LEON HARRISON,                   DATE
Authorized Representative of Defendant
Harrison International LLC


I am Harrison International LLC's lawyer. I have carefully reviewed the charges and the Plea Agreement with my client. To my knowledge, my client is making an informed and voluntary decision to plead guilty and to enter into the Plea Agreement.

_____    6-12-09
ROBIN LOEB, Attorney for the Defendant   DATE